U.S. Department of Justice

[illegible]
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 2, 1996

By Hand
Honorable Richard Owen
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: United States v. Christopher Furnari
S3 85 Cr. 139 (RO)

Dear Judge Owen:

The Government respectfully submits this letter to inform the Court of certain information in the defendant's presentence report ("PSR") that needs correction and clarification, and further requests that this letter be adopted as an amendment to the PSR and be forwarded to the United States Parole Commission. This request is made at the request of the defendant, through his counsel, David Breitbart, Esq.

Having the benefit of cooperating witnesses who are familiar with Furnari and his criminal activities, and who began to cooperate several years after Furnari's conviction, the Government agreed to review certain information in the PSR to which Furnari has since objected. Specifically, Furnari has objected to references in the PSR that describe Furnari as serving as consigliere of the Luchese Family "since at least the late-1970's." and suggest that, through his position on the Commission as Luchese consigliere, Furnari implicitly approved of the 1979 murders of Carmine Galente, Leonard Coppola, and Giuseppi Turrano. See PSR at 20, 28-29.[1] We have since learned however, that Furnari was only a capo in the Luchese Family until the early eighties, and consequently, could not have sat on the Commission at the time of the Galente homicide.

In September 1991 Alfonso D'Arco, a longtime member of the Luchese Family who also had served as capo and acting boss, began to cooperate with the Government. In his proffers to the Government and [illegible] trial testimony, D'Arco has identified

---

[1] [illegible] a copy of the PSR is attached hereto.

Furnari as a Luchese capo in the late seventies and early eighties, who did not become a consigliere until the early eighties. Thus, from information received after Furnari's conviction in the above-captioned matter, we now believe that Furnari was only a capo, and not a Luchese representative on the Commission at the time of the Galente homicide.

However, this does not change our view of Furnari's character, nor does it diminish the danger he posed as a participant in a violent criminal enterprise. Through the many years that Furnari was an associate and high-ranking member of the Luchese Family, Furnari was well aware of -- and indeed accepted as a way of life -- the Commission's role in La Cosa Nostra, and its power to order murders. With full knowledge of the Commission's role in sanctioning murders, Furnari willingly accepted his appointment to Luchese Family consigliere, and as such participated with other members of the Luchese hierarchy in Commission affairs, albeit sometime after the Galente homicide. Thus, in our view, D'Arco's information does not in any way undermine the propriety of Furnari's sentence.

In view of D'Arco's information, we agree, with leave of the Court, that the PSR should be amended by annexing to it a copy of this letter. In addition, we request permission to forward a copy of this letter to the United States Parole Commission.

Respectfully submitted,

MARY JO WHITE
United States Attorney

By: ______________________
DAVID N. KELLEY
Chief, Organized Crime Unit
Tel.: (212) 791-1131

Dated: New York, New York
January 17, 1996

SO ORDERED: ______________________
U.S.D.J.

cc: David Breitbart, Esq. (w/o encls.)
[illegible]