IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER FURNARI,                :

    Petitioner          :   No. 4:03-CV-2046

    v.                  :   Petition Filed 11/13/03

UNITED STATES PAROLE COMMISSION,:   (Judge Muir)
ET AL.,                             :

    Respondents         :

**FILED
WILLIAMSPORT
MAR 1 0 2004
Per_____
DEPUTY CLERK**

ORDER
March 10, 2004

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    On November 13, 2003, Christopher Furnari, filed a third petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Furnari paid the $5.00 filing fee. The background of this case is set forth in our 28-page order of July 18, 2002, which denied all but one of Furnari's claims raised in his second habeas petition. See Furnari v. United States Parole Commission, Civil No. 02-0555 (M.D. Pa. July 18, 2002). We will not repeat that background other than as needed to address the pending petition which became ripe for disposition with the filing of the Government's sur-reply brief on March 9, 2004.

    After an eleven-week jury trial in the Southern District of New York, Furnari and others were found guilty of various offenses relating to their involvement in organized crime. On January 13, 1987, Furnari received a 100-year sentence for those offenses.

In the last prior habeas case the one claim which we found had merit was that because of the Ex Post Facto Clause of the Constitution the Parole Commission should have used the version of 28 C.F.R. § 2.20 in effect when Furnari committed the underlying offenses. The Parole Commission has reevaluated Furnari's request for parole using that earlier version and its decision states as follows:

> In compliance with the order of the United States District court for the Middle District of Pennsylvania dated July 18, 2002, the Commission has reviewed your case on the record, without reference to or application of the presumption against parole for Certain Category Eight offenders contained in the Note to the Parole guidelines Table, 28 C.F.R. § 2.20. The Commission orders no change in its prior decision that parole is denied and that you serve to a 15 year reconsideration hearing in December, 2011. Without presuming that you should be denied parole, the Commission finds that a decision more than 48 months above the guideline minimum of 100 months (and denial of parole) is warranted based on the following pertinent case factors: as a high-ranking member of the Mafia crime family, you are responsible for multiple murders (Schleifer, Taglianetti and DeCicco) and attempted murder (Abinanti) under a theory of vicarious liability, and also because you personally solicited or ordered some of the crimes. These crimes are aggravated by the fact that they were committed in furtherance of the aims of a criminal organization. The commission continues to rely upon the reasoning and conclusion about the evidence contained in the April 24, 2001 Notice of Action on Appeal.

In the present habeas petition Furnari raises the same claims that we rejected in our order of July 18, 2002. We see no reason to change our prior decision with respect to those claims. The Parole Commission has reevaluated Furnari's request for parole using the appropriate version of 28 U.S.C. § 2.20 and there is a rational basis in the record for the Parole Commission's

conclusions embodied in its statement of reasons. We outlined that rational basis in our order of July 18, 2002.[1] Because there is a rational basis for the Parole Commission's action, we will deny Furnari's petition for writ of habeas corpus.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Furnari's petition for writ of habeas corpus is denied.

2. The Clerk of Court shall attach a copy of our order of July 18, 2002, in Civil No. 02-0555 (Doc. 24) to this order.

3. The Clerk of Court shall close this case.

                                         /s/ Muir
                             MUIR, U.S. District Judge

MM:gs

---

1. The Court of Appeals for the Third Circuit has held that

> [t]he appropriate inquiry is not whether the [Commission's decision] is supported by the preponderance of the evidence or by substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusion embodied in its statement of reasons.

Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976).